[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11375
Non-Argument Calendar

_____

D.C. Docket No. 4:18-cr-10020-KMM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS MERO MUNOZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 4, 2020)

Before ROSENBAUM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

In sentencing Jose Luis Mero Munoz ("Mero Munoz") to 135 months of imprisonment for conspiring to traffic drugs on the high seas, the district court declined to grant him a reduction for a minor role in the offense. *See* U.S.S.G. § 3B1.2. On appeal, he argues that he was entitled to a minor-role reduction because he was less culpable than most other participants, including his codefendant, Jose Angel Mero Munoz ("Angel"), in the conspiracy to which he pled guilty. After careful review, we affirm Mero Munoz's sentence.

## I.

In June 2018, the U.S. Coast Guard intercepted the *Don Tico*, a panga-type fishing vessel, in international waters about 642 nautical miles southwest of Mexico. Mero Munoz and his uncle Angel, who identified himself as the master and captain of the vessel, were the only individuals on board. After boarding, the Coast Guard found 477 kilograms of cocaine secreted within the main deck.

Following their arrest and indictment, Mero Munoz and Angel pled guilty to one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States. 46 U.S.C. §§ 70503(a)(1), 70506(b). Mero Munoz's presentence investigation report ("PSR") recommended a guideline range of 135 to 168 months based on a total offense level of 33 and a criminal history category of I. The PSR did not recommend a role adjustment for either Mero Munoz or Angel because

2

"[t]here is no evidence to suggest that either defendant supervised or managed the other."

Claiming that he was "plainly less culpable" than other persons involved, Mero Munoz objected and moved for a minor-role reduction under U.S.S.G. § 3B1.2.[1] He described the circumstances of his involvement in the offense as follows. He was a fisherman in Ecuador who agreed to go on a 25-day fishing trip, receiving $250 up front. He boarded the *Don Tico* with his uncle, who captained the vessel. Two days after leaving port, the *Don Tico* met with a larger vessel, the *Mi Blanquita*, and the two vessels began traveling together. After three days, the captain of the *Mi Blanquita* told Mero Munoz and Angel that the *Don Tico* contained drugs that they needed to transport to a certain location. They were told that they would be paid on completion and that there would be "consequences" if they refused. Mero Munoz and Angel agreed to proceed on the trip. They were intercepted by the Coast Guard en route to their destination.

The district court overruled Mero Munoz's objection at sentencing. Explaining that it was required "to look at the conduct for which he has been charged and his role in that conduct as compared to that of other participants," the court noted that the case was charged as a "two-defendant conspiracy" for the 477 kilograms of

---

[1] The minor-role reduction, if granted, would further reduce Mero Munoz's offense level by four more levels, *see* U.S.S.G. § 2D1.1(a)(5)(B)(iii), for a resulting guideline range of 70 to 87 months.

cocaine found on the *Don Tico*, not as "some larger conspiracy that might involve other defendants [or] other quantities of cocaine." There were only two participants in the conspiracy, the court explained, and the fact that Angel was the pilot of the vessel was not enough, standing alone, to make Mero Munoz "substantially less culpable" than Angel. The court continued,

> You have cited other cases where other judges in other cases— on facts that are not before me—have given minor role reduction, but you haven't cited the slew of cases that have ruled against minor role reductions in this Court, . . . where, routinely, for this kind of role in the offense, they get 135 months.
>
> That's the standard sentence for exactly this kind of conduct, and that is what the purpose behind the guidelines—or one of the fundamental and underlying purposes of the guidelines is—that individuals similarly situated should receive similar sentences, if we want to achieve that consistency.
>
> And so I don't see anything unusual—or so unusual about his role in this case that would differentiate him from, unfortunately, the hundreds of others who have engaged in exactly the same conduct and then get exactly the same . . . sentence. True?

Finding that Mero Munoz had not met his burden to establish his entitlement to the role adjustment based on "the facts," the "law as pronounced in *De Varon*," and the "guideline provision," the court denied the reduction and then sentenced Mero Munoz to 135 months of imprisonment. Mero Munoz now appeals.

## II.

We review a district court's denial of a role reduction for clear error. *United States v. Bernal-Benitez*, 594 F.3d 1303, 1320 (11th Cir. 2010). "Clear error review

is deferential, and we will not disturb a district court's findings unless we are left with a definite and firm conviction that a mistake has been committed." *United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016) (quotation marks omitted). It will rarely be clear error when the court makes a "choice between two permissible views of the evidence as to the defendant's role in the offense." *Id.* (quotation marks omitted). The defendant must prove his minor role in the offense by a preponderance of the evidence. *Id.*

Section 3B1.2 provides that a defendant is entitled to a two-level decrease in his offense level if he was a "minor participant" in the criminal activity. U.S.S.G. § 3B1.2. A "minor participant" is someone "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." *Id.* § 3B1.2, cmt. n.5. The decision whether to apply a minor-role reduction is "based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case." *Id.* § 3B1.2, n.3(C).

In *United States v. De Varon*, we instructed that, in determining whether to grant a minor-role reduction, the district court should consider two principles: first, the defendant's role in the relevant conduct for which he has been held accountable at sentencing; and, second, his role as compared to that of other identifiable or discernable participants in the relevant conduct. 175 F.3d 930, 940 (11th Cir. 1999) (*en banc*). The fact that a defendant's role is less than other participants' roles in the

relevant conduct may not be dispositive because it is possible that none of them are minor or minimal participants. *Id.*

A defendant's status as a drug courier is not alone "dispositive of whether a defendant is entitled to or precluded from receiving a downward adjustment for role in the offense." *De Varon*, 175 F.3d at 942. The court still "must assess the defendant's role in light of the relevant conduct attributed to her." *Id.* "Therefore, when a drug courier's relevant conduct is limited to her own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs." *Id.* at 942–43. Other "relevant factual considerations include: amount of drugs, fair market value of drugs, amount of money to be paid to the courier, equity interest in the drugs, role in planning the criminal scheme, and role in the distribution." *Id.* at 945.

The commentary to § 3B1.2 directs courts to consider similar factors when evaluating mitigating-role reductions. These factors include the following: (a) "the degree to which the defendant understood the scope and structure of the criminal activity"; (b) "the degree to which the defendant participated in planning or organizing the criminal activity"; (c) "the degree to which the defendant exercised decision-making authority"; (d) "the nature and extent of the defendant's participation in the commission of the criminal activity"; and (e) "the degree to

which the defendant stood to benefit from the criminal activity." U.S.S.G. § 3B1.2, cmt. n.3(A).

This "non-exhaustive" list of factors was added by Amendment 794, a clarifying amendment that took effect on November 1, 2015. *See Cruickshank*, 837 F.3d at 1194. The Sentencing Commission explained that Amendment 794 was promulgated in response to a study that found that the "mitigating role [guideline] [was] applied inconsistently and more sparingly than the Commission intended." U.S.S.G. Supp. to App. C, Amend. 794, Reason for Amendment. Consistent with that goal, Amendment 794 advises that "a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline." *Cruickshank*, 837 F.3d at 1194 (quoting Amendment 794). Even if the task the defendant performs is "essential or indispensable" to the criminal activity, that fact alone "is not determinative," and the defendant's role must still be evaluated to determine "if he or she is substantially less culpable than the average participant in the criminal activity." *Id.* Despite these clarifications, though, the guidelines "continue to embrace the approach we took in *De Varon*." *Id.* at 1193.

"The court must consider all of [the § 3B1.2] factors to the extent applicable, and it commits legal error in making a minor role decision based solely on one factor." *United States v. Valois*, 915 F.3d 717, 732 (11th Cir. 2019) (quotation marks

omitted).  In *United States v. Presendieu*, for example, we held that a district court legally erred when it based its determination that a defendant was not entitled to a minor-role reduction solely on the fact that she was held responsible for her actions alone and not for a broader conspiracy.  880 F.3d 1228, 1250 (11th Cir. 2018).  We also noted that there was conflicting evidence presented to the district court regarding the extent of the defendant's involvement in the offense.  *Id.*  We therefore vacated the sentence and remanded with instructions for the district court to consider the totality of the circumstances and the factors laid out in the Guidelines.  *Id.*

Here, the district court did not clearly err in denying a minor-role reduction.  We agree with Mero Munoz that he was eligible for a minor-role reduction and that several of the factors listed in § 3B1.2's commentary favored granting such a reduction.  Nevertheless, we continue to apply the approach outlined in *De Varon*, and, based on that approach, a permissible view of the evidence supported the district court's decision.  *See Cruickshank*, 837 F.3d at 1192–93.

"Under *De Varon*'s first principle, the inquiry is whether the defendant played a relatively minor role in the conduct for which [he] has already been held accountable—not a minor role in any larger criminal conspiracy."  *Valois*, 915 F.3d at 732.  Mero Munoz was held accountable only for his conduct in conspiring with Angel to transport 477 kilograms of cocaine, and he was important to that scheme.  *See id.*; *United States v. Monzo*, 852 F.3d 1343, 1347 (11th Cir. 2017) (considering,

8

as part of the totality of the circumstances, the facts that the defendant "was responsible only for his direct role in the conspiracy, and that he was important to the scheme"). The district court properly declined to evaluate Mero Munoz's role "by reference to the greater drug conspiracy which produced that conduct." *De Varon*, 175 F.3d at 941.

Further, under *De Varon*'s second principle, the record supports the district court's finding that Mero Munoz was not "less culpable than most other participants in the criminal activity." U.S.S.G. § 3B1.2, cmt. n.5. Mero Munoz points to his codefendant, Angel, who was the captain of the *Don Tico* and in control of the boat when the Coast Guard approached. But Angel's status as captain is not enough, on its own, to leave us with a definite and firm conviction that the district court made a mistake in finding that Mero Munoz did not have a minor role. *See Cruickshank*, 837 F.3d at 1192. Mero Munoz bears the burden of proving his minor role. *Id.* And "[t]he fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none are minor or minimal participants." *De Varon*, 175 F.3d at 944.

Mero Munoz references other cases from the Southern District of Florida in which crew members charged with the same offense were granted a minor-role reduction, but the decisions in those cases do not indicate that the district court here clearly erred, because a minor-role reduction analysis is heavily dependent on the

facts of the case and the district court has considerable discretion in that determination. *See Cruickshank*, 837 F.3d at 1192; U.S.S.G. § 3B1.2 n.3(C). Further, Mero Munoz did not draw meaningful parallels between his own facts and those of the other cases outside of the defendants' statuses as crew members on ships carrying drugs.

Finally, Mero Munoz contends that the district court failed to evaluate the totality of the circumstances or follow the intent of Amendment 794, citing the court's comments that Mero Munoz was held responsible for only his own conduct and that 135 months was the "standard sentence" for this kind of offense. However, we cannot say it was improper for the court to consider other defendants with similar roles in similar offenses who had not received minor-role reductions, and the court's comments reflect that it evaluated the particular facts about Mero Munoz's conduct in making that comparison. Further, the court stated that it based its determination that Mero Munoz had not met his burden of proving his entitlement to the reduction on "the facts," "the law as pronounced in *De Varon*," and the "guideline provision." Viewing the record as a whole, we cannot say that the court legally erred here. *See Valois*, 915 F.3d at 732; *Presendieu*, 880 F.3d at 1250.

For all of these reasons, we affirm the district court's denial of a minor-role reduction under U.S.S.G. § 3B1.2 and Mero Munoz's 135-month sentence.

**AFFIRMED.**

10